## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

PAUL J. ARNOLD, SR.,

                Plaintiff,

     v.

LOCKHEED MARTIN CORP., GLENCORE,
LTD., AND JOHN DOE, INC.

               Defendants.

CASE NO. 1:22-cv-00057-WAL-EAH

JURY TRIAL DEMANDED

## DEFENDANT GLENCORE LTD.'S ANSWER, AFFIRMATIVE DEFENSES, AND CROSSCLAIM

Defendant Glencore Ltd. ("Glencore") responds as follows to the correspondingly-numbered paragraphs set forth in the Complaint filed on August 7, 2022 on behalf of Plaintiff:

## PARTIES, JURISDICTION AND VENUE

1. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

2. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

3. Glencore admits it is a Swiss foreign business corporation and denies the remainder of paragraph 3 of the Complaint.

4. Glencore denies the allegations in the first sentence of Paragraph 4 of the Complaint, except admits that Cosmogony II, Inc. is currently in an involuntary Chapter 7 bankruptcy case.  Glencore is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 4.

5. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

1

6. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

7. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

**FACTUAL ALLEGATIONS RE: THE PLAINTIFF**

8. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

9. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

10. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

11. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

12. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

13. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

14. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

15. Denied.

16. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied. The second sentence of Paragraph 16 of the Complaint states relief requested by plaintiff.  No response is required, but to the extent a response is required, Glencore denies that plaintiff is entitled to such relief, and Glencore denies the remaining allegations of the paragraph.

17. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

18. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

19. Paragraph 19 of the Complaint states relief requested by plaintiff.  No response is required, but to the extent a response is required, Glencore denies that plaintiff is entitled to such relief, and Glencore denies the remaining allegations of the paragraph.

## FACTUAL ALLEGATIONS VIS-À-VIS INDUSTRIAL EXPOSURES

20. Denied as stated.

21. Denied as stated.

22. Denied as stated.

23. Paragraph 23 of the Complaint contains no text, and no response is required.

## FACTUAL ALLEGATIONS VIS-À-VIS THE ALUMINA REFINERY

24. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

25. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

26. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

27. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied. Glencore denies the allegations in the second sentence of Paragraph 27 as stated, except admits that its indirect subsidiary VIALCO purchased the Alumina Refinery in 1989.

28. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

29. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

30. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

31. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

32. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

33. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

34. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

35. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

36. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

## CAUSES OF ACTIONS AGAINST LOCKHEED MARTIN AS SUCCESSOR-IN-INTEREST TO MARTIN MARIETTA CORP.

### Count 1 – Negligent Undertaking

37. Glencore incorporates by reference and re-alleges its above responses to the preceding paragraphs of the Complaint, and denies Plaintiff's allegation.

38. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

39. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

40. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

41. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

42. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

43. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

44. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

45. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

46. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

47. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

48. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

49. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

50. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

51. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

52. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

53. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

54. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

55. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

56. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

## CAUSES OF ACTIONS AGAINST LOCKHEED MARTIN AS SUCCESSOR-IN-INTEREST TO MARTIN MARIETTA ALUMINUM INC.

### Count 2 – Premises Liability

57. Glencore incorporates by reference and re-alleges its above responses to the preceding paragraphs of the Complaint, and denies Plaintiff's allegation.

58. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

59. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

60. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

61. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

62. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

63. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

   a. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

   b. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

   c. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

   d. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

   e. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

   f. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

   g. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

64. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

   h. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

   i. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

   j. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

65. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

66. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

67. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

68. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

69. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

70. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

**Count 3 – Chattel Known to Be Dangerous for Intended Use**

71. Glencore incorporates by reference and re-alleges its above responses to the preceding paragraphs of the Complaint, and is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied..

**Count 3(a) – Bauxite as Chattel**

72. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

73. Glencore incorporates by reference and re-alleges its above responses to the preceding paragraphs of the Complaint, and denies Plaintiff's allegation.

74. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

75. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

## Count 3(b) – Refinery Machinery & Equipment as Chattel

76. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

77. Glencore incorporates by reference and re-alleges its above responses to the preceding paragraphs of the Complaint, and denies Plaintiff's allegation.

78. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

79. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

80. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

## Count 3(c) – Heavy Equipment as Chattel

81. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

82. Glencore incorporates by reference and re-alleges its above responses to the preceding paragraphs of the Complaint, and denies Plaintiff's allegation.

83. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

84. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

85. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

## Count 4 – Chattel Unlikely to be Made Safe for Use

86. Glencore incorporates by reference and re-alleges its above responses to the preceding paragraphs of the Complaint, and denies Plaintiff's allegation.

## Count 4(a) – Bauxite as Chattel

87. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

88. Glencore incorporates by reference and re-alleges its above responses to the preceding paragraphs of the Complaint, and denies Plaintiff's allegation.

89. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

90. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

## Count 4(b) – Refinery Appurtenances as Chattel

91. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

92. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

93. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

94. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

95. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

## Count 5 – Chattel for Use by Person Known to be Incompetent

96. Glencore incorporates by reference and re-alleges its above responses to the preceding paragraphs of the Complaint, and denies Plaintiff's allegation.

### Count 5(a) – Bauxite as Chattel

97. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

98. Glencore incorporates by reference and re-alleges its above responses to the preceding paragraphs of the Complaint, and denies Plaintiff's allegation.

99. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

100.     Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

### Count 5(b) – Refinery Appurtenances as Chattel

101.     Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

102.     Glencore incorporates by reference and re-alleges its above responses to the preceding paragraphs of the Complaint, and denies Plaintiff's allegation.

103.     Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

104.     Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

105.     Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

### Count 5(c) – Heavy Equipment as Chattel

106.     Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

107.     Glencore incorporates by reference and re-alleges its above responses to the preceding paragraphs of the Complaint, and denies Plaintiff's allegation.

108.     Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

109.     Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

**Count 6 – Chattel Used to Supplier's Business Purpose**

110.     Glencore incorporates by reference and re-alleges its above responses to the preceding paragraphs of the Complaint, and denies Plaintiff's allegation.

111.     Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

**Count 6(a) – Bauxite as Chattel**

112.     Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

113.     Glencore incorporates by reference and re-alleges its above responses to the preceding paragraphs of the Complaint, and denies Plaintiff's allegation.

114.     Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

**Count 6(b) – Refinery Appurtenances as Chattel**

115.     Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

116.     Glencore incorporates by reference and re-alleges its above responses to the preceding paragraphs of the Complaint, and denies Plaintiff's allegation.

117.     Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

118.     Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

## Count 6(c) – Heavy Equipment as Chattel

119.     Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

120.     Glencore incorporates by reference and re-alleges its above responses to the preceding paragraphs of the Complaint, and denies Plaintiff's allegation.

121.     Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

122.     Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

## CAUSES OF ACTIONS AGAINST LOCKHEED MARTIN AS SUCCESSOR-IN-INTEREST TO MARTIN MARIETTA ALUMINA, INC.

### Count 7 – Premises Liability

123.     Glencore incorporates by reference and re-alleges its above responses to the preceding paragraphs of the Complaint, and denies Plaintiff's allegation.

124.     Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

125.     Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

126.     Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

127.     Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

128.     Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

129.     Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

130.     Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

131.     Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

    a.   Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

    b.   Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

    c.   Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

    d.   Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

    e.   Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

    f.   Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

    g.   Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

    h.   Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

    i.   Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

    j.    Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

132.    Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

    a.    Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

    b.    Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

    c.    Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

133.    Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

134.    Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

## CAUSES OF ACTIONS AGAINST GLENCORE LTD.

### Count 8 – Chattel Known to Be Dangerous for Intended Use

135.    Glencore incorporates by reference and re-alleges its above responses to the preceding paragraphs of the Complaint, and denies Plaintiff's allegation.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

### Count 9 – Chattel Unlikely to be Made Safe for Use

140.    Glencore incorporates by reference and re-alleges its above responses to the preceding paragraphs of the Complaint, and denies Plaintiff's allegation.

141.     Denied.

142.     Denied.

143.     Denied.

144.     Denied.

## Count 10 – Chattel for Use by Person Known to be Incompetent

145.     Glencore incorporates by reference and re-alleges its above responses to the preceding paragraphs of the Complaint, and denies Plaintiff's allegation.

146.     Denied.

147.     Denied.

148.     Denied.

## Count 11 – Chattel Used to Supplier's Business Purpose

149.     Glencore incorporates by reference and re-alleges its above responses to the preceding paragraphs of the Complaint, and denies Plaintiff's allegation.

150.     Denied.

151.     Denied.

152.     Denied.

153.     Denied.

## Count 12 – Negligent Undertaking

154.     Glencore incorporates by reference and re-alleges its above responses to the preceding paragraphs of the Complaint, and denies Plaintiff's allegation.

155.     Denied.

156.     Denied.

157.     Denied.

158.     Denied.

## CAUSES OF ACTION AGAINST COSMOGONY II, INC. AS SUCCESSOR-IN-INTEREST TO GENERAL ENGINEERING CORP.

### Count 13 – Negligence

159.     Glencore incorporates by reference and re-alleges its above responses to the preceding paragraphs of the Complaint. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

160.     Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

161.     Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

162.     Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

163.     Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

164.     Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

165.     Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

166.     Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

## NOTICE OF PUNITIVE DAMAGES

167.     Paragraph 166 of the Complaint states relief requested by plaintiff.  No response is required, but to the extent a response is required, Glencore denies that plaintiff is entitled to such relief, and Glencore denies the remaining allegations of the paragraph.

168.    Denied.

169.    Denied.

## JURY TRIAL DEMANDED

170.    Paragraph 169 of the Complaint states a legal conclusion as to which no response is required.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Any exposure by plaintiff to silica contained in bauxite supplied by GLENCORE, as alleged in the Complaint, was so minimal as to be insufficient to establish within a reasonable degree of certainty or probability that the injuries and damages claimed resulted from any exposure to such silica.

### Second Affirmative Defense

If plaintiff sustained any injuries or illness as a result of exposure to any silica contained in bauxite sold or supplied by GLENCORE, such injuries were proximately caused by the acts or omissions of plaintiff's employers or of the owner and operators of the alumina plant, all of whom were sophisticated purchasers and knowledgeable intermediaries, in failing to take adequate precautions, failing to provide plaintiff with a safe work place, and failing to warn plaintiff of any health hazards that may have been associated with exposure to silica dust.

### Third Affirmative Defense

GLENCORE had no control over the working conditions, methods of construction or maintenance, or other factors pertaining to the use of bauxite or the silica products described in the Complaint.  Plaintiff's employers and the owners and operators of the alumina plant at all times were responsible for working conditions, methods of application, and other factors pertaining to said products, and all such employers and the owner and operator of the alumina plant were possessed of the same or greater knowledge as this defendant.  Hence, the duty, if

any, to warn plaintiff of the hazards described was a duty placed upon and assumed by plaintiff's employers, and by the owner and operator of the alumina plant; and, thereby, this defendant was relieved of said duty.

### Fourth Affirmative Defense

The owners and operators of the alumina plant, and the various employers of plaintiff, knew or should have known of any health hazard associated with exposure to silica. The failure of such entities to act in a prudent fashion constitutes negligence which proximately caused, and substantially or solely contributed to, plaintiff's alleged injuries, and these former entities are solely liable to plaintiff for any injuries plaintiff may have sustained.

### Fifth Affirmative Defense

If it is proven that bauxite was furnished by GLENCORE to the alumina plant or to plaintiff's employers and that plaintiff was exposed to any silica contained in such bauxite, any such bauxite was supplied in strict conformity to the specifications furnished through such employers or by the owner or operator of the alumina plant.

### Sixth Affirmative Defense

GLENCORE's products and labels complied in all respects with federal regulations. To the extent that plaintiff asserts that GLENCORE failed to give adequate warnings about any of its products, federal law and federal regulations, including, *inter alia*, those promulgated under or by the Occupational Safety and Health Administration, preempt such claims.

### Seventh Affirmative Defense

All activities of GLENCORE alleged in the Complaint conformed to statutes, governmental regulations and industry standards based upon the state of knowledge existing at the times alleged in the Complaint.

### Eighth Affirmative Defense

If any bauxite was supplied by GLENCORE during the time period alleged by plaintiff,

the products supplied by GLENCORE all contained appropriate caution labeling and GLENCORE provided appropriate warnings.

### Ninth Affirmative Defense

The improper use, alteration, modification or abuse of the products and materials described in the Complaint was the sole proximate cause or a substantially contributing cause of plaintiff's alleged injuries, damages or losses.

### Tenth Affirmative Defense

To the extent that plaintiff suffered injuries attributable to the use of any product referred to in plaintiff's Complaint, which injuries are expressly denied, the injuries were solely caused and attributable to the unreasonable, unforeseeable, inappropriate and improper use that was made of the products.

### Eleventh Affirmative Defense

Plaintiff's damages, if any, are a result of intervening causes which completely superseded any negligence on the part of GLENCORE, which negligence is denied, or any defects contained within its products, which are also denied.

### Twelfth Affirmative Defense

Exposure to silica was not the proximate cause of any illness, loss or injury which plaintiff may have suffered.

### Thirteenth Affirmative Defense

Exposure to asbestos was not the proximate cause of any illness, loss or injury which plaintiff may have suffered.

### Fourteenth Affirmative Defense

Plaintiff knowingly assumed all risks, if any, in the use and handling of and exposure to the products and materials described in plaintiff's Complaint, and at all times was aware of the hazards, dangers or unsafe conditions which are alleged by plaintiff. Additionally, the dangers

were open and obvious to plaintiff.

## Fifteenth Affirmative Defense

The smoking of cigarettes or the inhalation of or exposure to other toxic materials by plaintiff produced or substantially contributed to producing at least a portion of plaintiff's damages, if any. Plaintiff's damages should therefore be reduced by the proportion attributable to this and any other non-silica causes.

## Sixteenth Affirmative Defense

Plaintiff may have been guilty of negligence which proximately contributed to any sickness, injury or disease which allegedly was suffered, and such negligence bars or diminishes plaintiff's claims. This negligence may include, but may not be limited to, the use of tobacco products, the failure to take reasonable precautions for safety in the work place, and the failure to take adequate safety measures while working around or with silica products.

## Seventeenth Affirmative Defense

If plaintiff is found to have suffered any injuries, losses or damages as a result of the negligence of GLENCORE, all of which is expressly denied, then plaintiff's recovery must be diminished in proportion to the amount of negligence attributable to plaintiff; and, furthermore, GLENCORE is entitled to contribution pursuant to Virgin Islands Code, title 5, section 1451(b) against any other defendants whose negligence proximately caused such damages.

## Eighteenth Affirmative Defense

Parties to this action other than GLENCORE, and nonparties, are legally responsible for any damages alleged in the Complaint, which damages are herein denied. Therefore, pursuant to Virgin Islands Code, title 5, section 1451(d), in the event of any liability, whether by settlement or judgment, in favor of any other party and against GLENCORE, the Court or jury should apportion fault as to all parties. Furthermore, GLENCORE requests a judgment and declaration of indemnification and contribution against all other parties or persons in accordance with the

apportionment of fault between the parties.

### Nineteenth Affirmative Defense

Any loss, injury or damage incurred by plaintiff, if any, was proximately caused by the negligent or willful acts or omissions of parties or nonparties which GLENCORE did not control, and was not proximately caused by any acts, omissions or other conduct of GLENCORE.

### Twentieth Affirmative Defense

Plaintiff has failed to state a cause of action upon which relief may be granted with respect to some or all of the claims asserted against GLENCORE.

### Twenty-First Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, election, laches, estoppel and/or unclean hands.

### Twenty-Second Affirmative Defense

Plaintiff's damages, if any, are completely or in part the result of plaintiff's failure to mitigate as required by law.

### Twenty-Third Affirmative Defense

Plaintiff's claims may be barred by applicable workers' compensation laws.

### Twenty-Fourth Affirmative Defense

To the extent that plaintiff's alleged injuries resulted from the actions of fellow servants, plaintiff is not entitled to recover from GLENCORE.

### Twenty-Fifth Affirmative Defense

Any recovery had by plaintiff must be reduced or set off by collateral sources paid to plaintiff.

### Twenty-Sixth Affirmative Defense

To the extent that various parties have concluded or may conclude any settlements with

plaintiff, GLENCORE is entitled to a set off for any amount paid or to be paid.

### Twenty-Seventh Affirmative Defense

Plaintiff may have released, settled, entered into in accord and satisfaction, or otherwise compromised plaintiff's claims; accordingly, any such claims are barred by payment, accord and satisfaction, release and/or res judicata, or GLENCORE is entitled to a setoff in the amount of any payments received by plaintiff.

### Twenty-Eighth Affirmative Defense

Under the circumstances described in the Complaint an award of punitive damages would be unconstitutional, would constitute a denial of due process, and would put GLENCORE in double jeopardy.

### Twenty-Ninth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and/or statute of repose.

### Thirtieth Affirmative Defense

GLENCORE relies upon the sophisticated purchaser defense as set forth in the Restatement (Second) of Torts § 388 or as otherwise adopted under Virgin Islands jurisprudence.

### Thirty-First Affirmative Defense

Plaintiff's Complaint should be dismissed for failure to add one or more necessary and indispensable parties.

### Thirty-Second Affirmative Defense

GLENCORE adopts and incorporates by reference any and all affirmative defense pled by any other defendant. In addition, GLENCORE will rely on any future defenses which become available or appear during discovery proceedings in this action and hereby specifically reserves the right to amend its answer for purposes of asserting any such affirmative defenses.

**WHEREFORE**, Glencore, Ltd. prays for judgment as follows:

1.      That plaintiff take nothing by reason of the Complaint filed herein;

2.      That Glencore be awarded costs of suit incurred herein;

3.      That if Glencore is found liable, the degree of responsibility and liability of all parties for the resulting damages be determined, and that Glencore be liable only for that portion of total damages which its liability bears to the total liability of all Defendants, reduced by any contributory negligence of plaintiff; and

4.      For such other and further relief as the Court deems just and proper.

### CROSSCLAIM AGAINST DEFENDANT LOCKHEED MARTIN CORP.

COMES NOW Defendant Glencore Ltd. ("Glencore"), pursuant to V.I. R. Civ. P. 13(g), and as and for its crossclaim against Defendant Lockheed Martin Corp. alleges as follows:

1.      Plaintiff filed a Complaint in this Action against Glencore and, *inter alia*, Lockheed Martin Corp. alleging injury and seeking damages.

2.      Glencore denies any liability to Plaintiff.

3.      Pursuant to Virgin Islands Code title 5, section 1451(d), Glencore is entitled to have the liability (if any) of Defendant Lockheed Martin Corp. apportioned at the trial of this Action.

4.      If the court or jury finds in favor of Plaintiff at trial, to the extent Glencore pays Plaintiff any portion of the damages attributable to the liability of the Defendant Lockheed Martin Corp., Glencore is entitled to recover common law contribution against Defendant Lockheed Martin Corp. for its respective portion of the damages paid to Plaintiff by Glencore.

**WHEREFORE**, Defendant Glencore demands judgment against Defendant Lockheed Martin Corp. for common law contribution for any and all sums that may be paid as damages to Plaintiff on account of the liability of Defendant Lockheed Martin Corp., together with any pre- and post-judgment interest, costs, attorneys' fees, and any other relief this Court deems appropriate.

Dated: November 7, 2022                Respectfully Submitted,


**LAW OFFICES OF DOUGLAS L.
CAPDEVILLE, P.C.**

**/s/ *Douglas L. Capdeville***
Douglas L. Capdeville, Esq. (V.I. Bar No. 284)
2107 Company Street, Suite 2
Christiansted, St. Croix VI 00820
Phone: 340-773-7275
Fax: 340-773-7996
videfense@capdevillelaw.com

**/s/ Jacques Semmelman, Esq.**
Jacques Semmelman, Esq.
V.I. Bar Number 2180
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue, 35th Floor
New York, New York 10178-0061
Tel:  (212) 696-6097
Fax:  (212) 697-1559
jsemmelman@curtis.com

*Counsel for Glencore Ltd.*

**LAW OFFICE OF K.A. RAMES, P.C.**

/s/ *Kevin A. Rames, Esq.*
Kevin A. Rames, Esq.
2111 Company Street, Suite 3
Christiansted, VI  00820
Telephone: (340) 773-7284
Facsimile: (340) 773-7282
kevin.rames@rameslaw.com

*Counsel for Lockheed Martin Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 7th Day of November  2022, I served a copy of the foregoing on the following through the Notice of Electronic Filing for parties and counsel who are Filing Users:

**The Pate Law Firm**
*Attorneys for Plaintiff*
J. Russell B. Pate, Esq.
pate@sunlawvi.com
sunlawvi@gmail.com
PO Box 890
St. Thomas, VI 00804

**Burns Charest LLP**
*Attorneys for Plaintiff*
Korey Nelson, Esq.
knelson@burnscharest.com
H. Rick Yelton, Esq.
ryelton@burnscharest.com
mhenry@burnscharest.com
365 Canal Street, Ste. 1170
New Orleans, LA 70130

**Burns Charest LLP**
*Attorneys for Plaintiff*
Warren T. Burns, Esq.
wburnes@burnscharest.com
Daniel H. Charest, Esq.
dcharest@burnscharest.com
jsoyka@burnscharest.com
900 Jackson Street, Ste. 500
Dallas, TX 75202

s/ Douglas L. Capdeville