| | |
|---|---|
| PAUL J. ARNOLD, SR.,<br><br>     *Plaintiff,*<br><br>v.<br><br>LOCKHEED MARTIN CORP.,<br>GLENCORE LTD., and JOHN DOE, INC.,<br><br>     *Defendants.* | CIVIL NUMBER 1:22-CV-57<br><br>ACTION FOR DAMAGES<br><br>JURY TRIAL DEMANDED |

## LOCKHEED MARTIN'S ANSWER TO PLAINTIFF'S COMPLAINT, CROSSCLAIM, AND ANSWER TO CROSSCLAIM

Defendant Lockheed Martin Corporation ("Lockheed Martin") responds as follows to the correspondingly numbered paragraphs set forth in Plaintiff's Complaint ("Complaint"):

### PARTIES, JURISDICTION, AND VENUE

1. Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and, therefore, denies those allegations.

2. Lockheed Martin admits that it is a corporation organized and existing under the laws of the State of Maryland with its principal place of business in Maryland and that it is successor-in-interest to Martin Marietta Corporation, Martin Marietta Aluminum Properties, Inc., Martin Marietta Aluminum, Inc., and Martin Marietta Alumina, Inc. Lockheed Corporation and Martin Marietta Corporation ("Martin Marietta") consummated a transaction on March 15, 1995, pursuant to which Lockheed and Martin Marietta became a wholly owned subsidiary of a new holding corporation, Lockheed Martin Corporation, incorporated under the laws of Maryland. In January 1996, Martin Marietta ceased to exist.

In 1969, Martin Marietta acquired an 82.7% interest in Harvey Aluminum, Inc., which was incorporated under the laws of California in 1942. Harvey Alumina, Inc. is a wholly owned subsidiary of Harvey Aluminum, Inc. In 1972, Harvey Aluminum's name was changed to Martin

Marietta Aluminum, Inc., and Harvey Alumina, Inc.'s name was changed to Martin Marietta Alumina, Inc. Martin Marietta purchased the remaining stock in Harvey Aluminum on June 27, 1974. At all times, Martin Marietta Aluminum, Inc. was a subsidiary of Martin Marietta Corporation and Martin Marietta Alumina, Inc. was a wholly owned subsidiary of Martin Marietta Aluminum, Inc. until Martin Marietta Alumina, Inc. was merged into Martin Marietta Aluminum Properties, Inc. on August 1, 1984. On January 8, 1985, Martin Marietta Aluminum, Inc. was sold to Comalco (U.S.) Holding Inc. Martin Marietta ceased all operations at the St. Croix alumina plant in May 1985. Martin Marietta sold the St. Croix alumina plant and premises to Virgin Islands Alumina, Inc. ("VIALCO"), a subsidiary of Clarendon, Ltd., on May 15, 1989. On July 31, 1989, Martin Marietta Aluminum Properties, Inc. was merged into Martin Marietta and ceased to exist. Martin Marietta Aluminum, Inc., Martin Marietta Alumina, Inc., and Martin Marietta Aluminum Properties, Inc. are referred to collectively throughout this Answer as the "Martin Marietta entities."

The remaining allegations of Paragraph 2 assert legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 2.

3. Lockheed Martin is informed and believes that Glencore Ltd. is a Swiss foreign business corporation. Lockheed Martin denies the remaining allegations of Paragraph 3.

4. This paragraph contains no allegation requiring a response. To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and, therefore, denies those allegations.

5. Lockheed Martin states, upon information and belief, that U&W Industrial Supply, Inc. ("U&W") filed an agreement and plan of merger with the Division of Corporation and Trademarks of the Office of the Lieutenant Governor of the Virgin Islands on March 19, 1998, merging General Engineering Corporation within and into it, and a certificate of merger was issued on June 4, 1998. Lockheed Martin further states, upon information and belief, that U&W filed an amendment to the articles of incorporation on December 29, 1999, and a certificate of amendment

evidencing the name change to Cosmogony II, Inc. was issued on December 30, 1999, but that Cosmogony II, Inc. is not considered to be in good standing with the applicable sections of the Virgin Islands Code. Lockheed Martin denies the remaining allegations of Paragraph 5.

6. Paragraph 6 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 6.

7. Paragraph 7 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 7.

## FACTUAL ALLEGATIONS RE: THE PLAINTIFF

8. Lockheed Martin is aware that Paul Arnold previously worked at the Alumina Refinery at different time periods, for different employers, in varying job roles. As to the remaining allegations, Lockheed Martin is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and, therefore, denies those allegations.

9. Lockheed Martin is aware that Paul Arnold previously worked at the Alumina Refinery at different time periods, for different employers, in varying job roles. As to the remaining allegations, Lockheed Martin is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and, therefore, denies those allegations.

10. Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and, therefore, denies those allegations.

11. Lockheed Martin states that the Martin Marietta entities provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time, as well as proper personal protective and respiratory equipment. Lockheed Martin is aware and informed that the Martin Marietta entities prioritized safety at the alumina plant. Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and, therefore, denies those allegations.

12. Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and, therefore, denies those allegations.

13.     Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and, therefore, denies those allegations.

14.     Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and, therefore, denies those allegations.

15.     Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and, therefore, denies those allegations.

16.     Lockheed Martin admits that Plaintiff purports to seek various forms of relief in this lawsuit based on various allegations but denies that Plaintiff is entitled to the relief sought of Paragraph 16 or any other relief.

17.     Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and, therefore, denies those allegations.

18.     Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and, therefore, denies those allegations.

19.     Lockheed Martin denies the allegations of Paragraph 19 to the extent the allegations are directed against Lockheed Martin.  To the extent that the allegations of Paragraph 19 refer to the knowledge, conduct, or actions of persons or entities other than Lockheed Martin, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Lockheed Martin admits that Plaintiff purports to seek various forms of relief in this lawsuit based on various allegations but denies that Plaintiff is entitled to the relief sought in Paragraph 19 or any other relief.

## FACTUAL ALLEGATIONS VIS-À-VIS INDUSTRIAL EXPOSURES

20.     The allegations of Paragraph 20 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin admits that the Mine Safety and Health Administration and the Occupational Safety and Health Administration regulated and inspected operations at the alumina plant.  Lockheed Martin admits that local and federal governments regulated the alumina plant.  Lockheed Martin denies the remaining allegations of Paragraph 20.

21.     The allegations of Paragraph 21 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin admits that Martin Marietta conducted air testing at the alumina plant.  Lockheed Martin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 21 and, therefore, denies the same.

22.     The allegations of Paragraph 22 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin admits that the Martin Marietta entities provided training pursuant to Mine Safety and Health Administration and Occupational Safety and Health Administration regulations, as well as proper personal protective and respiratory equipment.  Lockheed Martin denies the remaining allegations of Paragraph 22.

23.     Lockheed Martin states that Paragraph 23 makes no allegation; therefore, no response is required.

## FACTUAL ALLEGATIONS VIS-À-VIS THE ALUMINA REFINERY

24.     Lockheed Martin admits that an alumina plant operated during periods within the time frame of Paragraph 24, although the plant was not operational for a period of approximately four years from 1985-1989.  Lockheed Martin further admits that the St. Croix alumina plant was used to refine alumina from bauxite ore.  Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 24 and, therefore, denies those allegations.

25.     In 1969, Martin Marietta Corporation acquired an 82.7% interest in Harvey Aluminum, Inc., which was incorporated under the laws of California in 1942.  Harvey Alumina, Inc. was a wholly owned subsidiary of Harvey Aluminum, Inc.  In 1972, Harvey Aluminum's name was changed to Martin Marietta Aluminum, Inc., and Harvey Alumina, Inc.'s name was changed to Martin Marietta Alumina, Inc.  Martin Marietta purchased the remaining stock in Harvey Aluminum on June 27, 1974.  Lockheed Martin understands that Harvey Alumina, Inc. entered into a long-term contract with Compagnie des Bauxite de Guinée for the purchase and shipment of bauxite ore.  Lockheed Martin lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations of Paragraph 25 and, therefore, denies those allegations.

26.     Lockheed Martin admits that bauxite was supplied to the alumina plant by multiple entities, including Martin Marietta Aluminum, Inc. Lockheed Martin further admits that the St. Croix alumina plant and premises were originally owned by Harvey Alumina Virgin Islands Incorporated from 1966 or 1967 until 1969 when Martin Marietta, Lockheed Martin's predecessor in interest, acquired a majority interest. In 1972, Martin Marietta changed the name of the plant to Martin Marietta Alumina, Inc. On August 1, 1984, Martin Marietta Alumina, Inc. was merged into Martin Marietta Properties, Inc. Martin Marietta ceased all operations at the St. Croix alumina plant in May 1985. Martin Marietta sold the St. Croix alumina plant and premises to Virgin Islands Alumina, Inc. ("VIALCO"), a subsidiary of Clarendon, Ltd., on May 15, 1989. On July 31, 1989, Martin Marietta Aluminum Properties, Inc. was merged into Martin Marietta and ceased to exist. Lockheed Martin denies the remaining allegations of Paragraph 26.

27.     Lockheed Martin admits that Martin Marietta Aluminum, Inc. sold the St. Croix alumina plant to Martin Marietta Aluminum Properties, Inc. on January 6, 1985. The St. Croix alumina plant was closed in May 1985. Martin Marietta Aluminum Properties, Inc. sold the St. Croix alumina plant to VIALCO in 1989.

28.     The allegations of Paragraph 28 do not apply to Lockheed Martin and, therefore, no response is required. To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 and, therefore, denies those allegations.

29.     To the extent the allegations of Paragraph 29 are directed against Lockheed Martin, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and, therefore, denies those allegations. To the extent that the allegations of Paragraph 29 refer to the knowledge, conduct, or actions of persons or entities other than Lockheed Martin, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

30.     Lockheed Martin admits that the St. Croix alumina plant was used to refine alumina from bauxite ore.  Lockheed Martin further admits that bauxite ore is a naturally occurring material that may contain various concentrations of the materials set forth in Paragraph 30.  Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 30 and, therefore, denies those allegations.

31.     Lockheed Martin admits that to produce alumina, bauxite ore is mechanically crushed, and that dusts may be created during that process.  Lockheed Martin denies the remaining allegations of Paragraph 31.

32.     Lockheed Martin admits that to produce alumina, bauxite ore is mechanically crushed, and that dusts may be created during that process.  Lockheed Martin denies the remaining allegations of Paragraph 32.

33.     Lockheed Martin admits that ACM may have been used to insulate piping at the alumina plant.  Lockheed Martin denies the remaining allegations of Paragraph 33.

34.     Lockheed Martin admits that the finished alumina product is a white/silver powder. Lockheed Martin denies the remaining allegations of Paragraph 34.

35.     Lockheed Martin admits that red mud may contain some of the chemicals listed in Paragraph 35.  Lockheed Martin denies the remaining allegations of Paragraph 35.

36.     Lockheed Martin states that the allegations of Paragraph 36 regarding unidentified "[r]esearch" are so vague and ambiguous that Lockheed Martin is unable to formulate a meaningful response and, therefore, denies the same.  Lockheed Martin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 36 and, therefore, denies those allegations.

## CAUSE OF ACTION AGAINST LOCKHEED MARTIN
## AS SUCCESSOR-IN-INTEREST TO MARTIN MARIETTA CORP.

### Count 1 – Negligent Undertaking

37.     Lockheed Martin restates and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.  Paragraph 37 asserts legal conclusions to

which no response is required. To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 37.

38. Lockheed Martin denies the allegations of Paragraph 38.

39. Lockheed Martin denies the allegations of Paragraph 39.

40. Lockheed Martin states that the Martin Marietta entities provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time. Lockheed Martin denies the allegations of Paragraph 40.

41. Lockheed Martin denies the allegations of Paragraph 41.

42. Lockheed Martin admits that Martin Marietta established general policies and procedures, including some relating to safety. However, each individual plant had the authority and was expected to establish safety policies and procedures that fit the specific needs of the plant. Lockheed Martin denies the remaining allegations of Paragraph 42.

43. Lockheed Martin admits that Martin Marietta established general policies and procedures, including some relating to safety. However, each individual plant had the authority and was expected to establish safety policies and procedures that fit the specific needs of the plant. Lockheed Martin admits that Martin Marietta conducted periodic industrial hygiene surveys at the St. Croix alumina plant. Lockheed Martin denies the remaining allegations of Paragraph 43.

44. Lockheed Martin states that Material Safety Data Sheets were available for inspection. Lockheed Martin denies the allegations of Paragraph 44.

45. Lockheed Martin states that the Martin Marietta entities provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time. Lockheed Martin denies the allegations of Paragraph 45.

46. Lockheed Martin denies the allegations of Paragraph 46.

47. Paragraph 47 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 47.

48.     Lockheed Martin states that Martin Marietta conducted periodic audits and inspections at the alumina plant.  Lockheed Martin denies the remaining allegations of Paragraph 48.

49.     Lockheed Martin denies the allegations of Paragraph 49.

50.     Lockheed Martin denies the allegations of Paragraph 50.

51.     Lockheed Martin denies the allegations of Paragraph 51.

52.     Lockheed Martin admits that Martin Marietta conducted an industrial hygiene survey of some portions of the alumina plant in 1976, which included testing for worker exposure to various airborne particulates.  Lockheed Martin denies the remaining allegations of Paragraph 52.

53.     Lockheed Martin admits that Martin Marietta conducted an industrial hygiene survey of some portions of the alumina plant in 1981, which included testing for worker exposure to various airborne particulates.  Lockheed Martin also admits that the alumina plant purchased air sampling equipment.  Lockheed Martin denies the remaining allegations of Paragraph 53.

54.     Paragraph 54 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 54.

55.     Paragraph 55 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 55.

56.     Paragraph 56 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 56.

## CAUSES OF ACTION AGAINST LOCKHEED MARTIN, AS SUCCESSOR-IN-INTEREST TO MARTIN MARIETTA ALUMINUM INC.

### Count 2 – Premises Liability

57.     Lockheed Martin restates and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.  Paragraph 57 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 57.

58. Paragraph 58 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin admits that in 1969, Martin Marietta Corporation acquired a majority interest in Harvey Aluminum, Inc., which owned and operated the St. Croix alumina plant and premises. In 1972, Harvey Aluminum's name was changed to Martin Marietta Aluminum, Inc. Martin Marietta Aluminum, Inc. sold the St. Croix alumina plant to Martin Marietta Aluminum Properties, Inc. on January 6, 1985. On January 8, 1985, Martin Marietta Aluminum, Inc. was sold to Comalco (U.S.) Holding Inc.; however, the contract with Comalco specifically excluded the St. Croix alumina plant. Martin Marietta Aluminum Properties, Inc. closed the St. Croix alumina plant in May 1985. Lockheed Martin denies the remaining allegations of Paragraph 58.

59. Lockheed Martin is aware and informed that Martin Marietta Aluminum, Inc. was aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time. The remaining allegations of Paragraph 59 assert legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 59.

60. Paragraph 60 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 60.

61. Paragraph 61 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 61.

62. Paragraph 62 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 62.

63. Lockheed Martin denies the allegations of Paragraph 63.

64. Lockheed Martin admits that the Martin Marietta entities provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time. The remaining allegations of Paragraph 64 assert legal conclusions to which no response

is required.  To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 64.

65.     Lockheed Martin admits that the Martin Marietta entities provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  The remaining allegations of Paragraph 65 assert legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 65.

66.     Martin Marietta Aluminum, Inc. and Martin Marietta Alumina, Inc. owned and operated the St. Croix alumina plant from 1972 until 1984.  Martin Marietta Aluminum, Inc. handled the maintenance side of the plant and employed one-half of the plant's employees.  Martin Marietta Alumina, Inc. handled the operations side of the plant and employed one-half of the plant's employees.  Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore.  Lockheed Martin further admits that the Martin Marietta entities provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 66 and, therefore, denies those allegations.

67.     Lockheed Martin admits that the Martin Marietta entities provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  The remaining allegations of Paragraph 67 assert legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 67.

68.     Lockheed Martin admits that the Martin Marietta entities provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  Lockheed Martin is aware and informed that the Martin Marietta entities prioritized safety at the alumina plant.  Lockheed Martin denies the remaining allegations of Paragraph 68.

69.     Paragraph 69 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 69.

70.     Paragraph 70 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 70.

## Count 3 – Chattel Known to be Dangerous for Intended Use

71.     Lockheed Martin restates and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.  Paragraph 71 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 71.

## Count 3(a) – Bauxite as Chattel

72.     Martin Marietta Aluminum, Inc. and Martin Marietta Alumina, Inc. owned and operated the St. Croix alumina plant from 1972 until 1984.  Martin Marietta Aluminum, Inc. handled the maintenance side of the plant and employed one-half of the plant's employees.  Martin Marietta Alumina, Inc. handled the operations side of the plant and employed one-half of the plant's employees.  Lockheed Martin admits that bauxite was supplied to the alumina plant by multiple entities, including Martin Marietta Aluminum, Inc.  Lockheed Martin further admits that the St. Croix alumina plant was used to refine alumina from bauxite ore.  Lockheed Martin denies the remaining allegations of Paragraph 72.

73.     Lockheed Martin is aware and informed that Martin Marietta Aluminum, Inc. was aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  Lockheed Martin is aware and informed that the Martin Marietta entities prioritized safety at the alumina plant.  Lockheed Martin denies the allegations of Paragraph 73.

74.     Paragraph 74 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 74.

75.     Paragraph 75 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 75.

76.     Martin Marietta Aluminum, Inc. and Martin Marietta Alumina, Inc. owned and operated the St. Croix alumina plant from 1972 until 1984.  Martin Marietta Aluminum, Inc. handled the maintenance side of the plant and employed one-half of the plant's employees.  Martin Marietta Alumina, Inc. handled the operations side of the plant and employed one-half of the plant's employees.  Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76 and, therefore, denies those allegations.

77.     Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore.  Lockheed Martin is aware and informed that the Martin Marietta entities was aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  Lockheed Martin is aware and informed that the Martin Marietta entities prioritized safety at the alumina plant.  Lockheed Martin denies the remaining allegations of Paragraph 77.

78.     Lockheed Martin is aware and informed that Martin Marietta Aluminum, Inc. was aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  Lockheed Martin is aware and informed that the Martin Marietta entities prioritized safety at the alumina plant.  Lockheed Martin denies the remaining allegations of Paragraph 78.

79.     Lockheed Martin is aware and informed that Martin Marietta Aluminum, Inc. was aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  The remaining allegations of Paragraph 79 assert legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 79.

80.     Paragraph 80 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 80.

**Count 3(c) – Heavy Equipment as Chattel**

81.     Martin Marietta Aluminum, Inc. and Martin Marietta Alumina, Inc. owned and operated the St. Croix alumina plant from 1972 until 1984. Martin Marietta Aluminum, Inc. handled the maintenance side of the plant and employed one-half of the plant's employees. Martin Marietta Alumina, Inc. handled the operations side of the plant and employed one-half of the plant's employees. Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore. Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 81 and, therefore, denies those allegations.

82.     Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore. Lockheed Martin is aware and informed that the Martin Marietta entities were aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time. Lockheed Martin is aware and informed that the Martin Marietta entities prioritized safety at the alumina plant. Lockheed Martin denies the remaining allegations of Paragraph 82.

83.     Lockheed Martin denies the allegations of Paragraph 83.

84.     Lockheed Martin is aware and informed that Martin Marietta Aluminum, Inc. was aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time. Lockheed Martin is aware and informed that the Martin Marietta entities prioritized safety at the alumina plant. The remaining allegations of Paragraph 84 assert legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 84.

85.     Paragraph 85 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 85.

**Count 4 – Chattel Unlikely to be Made Safe for Use**

86.     Lockheed Martin restates and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein. Paragraph 86 asserts legal conclusions to

which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 86.

## Count 4(a) – Bauxite as Chattel

87.     Martin Marietta Aluminum, Inc. and Martin Marietta Alumina, Inc. owned and operated the St. Croix alumina plant from 1972 until 1984.  Martin Marietta Aluminum, Inc. handled the maintenance side of the plant and employed one-half of the plant's employees.  Martin Marietta Alumina, Inc. handled the operations side of the plant and employed one-half of the plant's employees.  Lockheed Martin admits that bauxite was supplied to the alumina plant by multiple entities, including Martin Marietta Aluminum, Inc.

88.     Lockheed Martin is aware and informed that the alumina plant had Material Safety Data Sheets that were available for inspection.  Lockheed Martin denies the allegations of Paragraph 88.

89.     Lockheed Martin denies the allegations of Paragraph 89.

90.     Paragraph 90 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 90.

## Count 4(b) – Refinery Appurtenances as Chattel

91.     Martin Marietta Aluminum, Inc. and Martin Marietta Alumina, Inc. owned and operated the St. Croix alumina plant from 1972 until 1984.  Martin Marietta Aluminum, Inc. handled the maintenance side of the plant and employed one-half of the plant's employees.  Martin Marietta Alumina, Inc. handled the operations side of the plant and employed one-half of the plant's employees.  Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore.  Lockheed Martin denies the remaining allegations of Paragraph 91.

92.     Paragraph 92 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 92.

93.     Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore.  Lockheed Martin is aware and informed that the Martin Marietta entities

were aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time. Lockheed Martin is aware and informed that the Martin Marietta entities prioritized safety at the alumina plant. Lockheed Martin denies the remaining allegations of Paragraph 93.

94.     Lockheed Martin denies the allegations of Paragraph 94.

95.     Paragraph 95 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 95.

**Count 5 – Chattel for Use by Person Known to be Incompetent**

96.     Lockheed Martin restates and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein. Paragraph 96 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 96.

## Count 5(a) – Bauxite as Chattel

97.     Martin Marietta Aluminum, Inc. and Martin Marietta Alumina, Inc. owned and operated the St. Croix alumina plant from 1972 until 1984. Martin Marietta Aluminum, Inc. handled the maintenance side of the plant and employed one-half of the plant's employees. Martin Marietta Alumina, Inc. handled the operations side of the plant and employed one-half of the plant's employees. Lockheed Martin admits that bauxite was supplied to the alumina plant by multiple entities, including Martin Marietta Aluminum, Inc.

98.     Paragraph 98 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 98.

99.     Lockheed Martin denies the allegations of Paragraph 99.

100.     Paragraph 100 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 100.

## Count 5(b) – Refinery Appurtenances as Chattel

101.     Martin Marietta Aluminum, Inc. and Martin Marietta Alumina, Inc. owned and operated the St. Croix alumina plant from 1972 until 1984. Martin Marietta Aluminum, Inc.

handled the maintenance side of the plant and employed one-half of the plant's employees. Martin Marietta Alumina, Inc. handled the operations side of the plant and employed one-half of the plant's employees. Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore. Lockheed Martin denies the remaining allegations of Paragraph 101.

102.    Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore. Lockheed Martin is aware and informed that the Martin Marietta entities were aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time. Lockheed Martin is aware and informed that the Martin Marietta entities prioritized safety at the alumina plant. Lockheed Martin denies the remaining allegations of Paragraph 102.

103.    Paragraph 103 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 103.

104.    Lockheed Martin denies the allegations of Paragraph 104.

105.    Paragraph 105 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 105.

## Count 5(c) – Heavy Equipment as Chattel

106.    Martin Marietta Aluminum, Inc. and Martin Marietta Alumina, Inc. owned and operated the St. Croix alumina plant from 1972 until 1984. Martin Marietta Aluminum, Inc. handled the maintenance side of the plant and employed one-half of the plant's employees. Martin Marietta Alumina, Inc. handled the operations side of the plant and employed one-half of the plant's employees. Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore. Lockheed Martin denies the remaining allegations of Paragraph 106.

107.    Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore. Lockheed Martin is aware and informed that the Martin Marietta entities were aware of the hazards associated with the bauxite refining process and provided training and

workplace conditions consistent with the state of the art and government regulations in effect at the time. Lockheed Martin is aware and informed that the Martin Marietta entities prioritized safety at the alumina plant. Lockheed Martin denies the remaining allegations of Paragraph 107.

108. Paragraph 108 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 108.

109. Paragraph 109 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 109.

**Count 6 – Chattel Used to Supplier's Business Purpose**

110. Lockheed Martin restates and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein. Paragraph 110 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 110.

111. Martin Marietta Aluminum, Inc. and Martin Marietta Alumina, Inc. owned and operated the St. Croix alumina plant from 1972 until 1984. Martin Marietta Aluminum, Inc. purchased bauxite from a variety of different mining companies during its operation of the alumina plant, including companies in which it held an ownership interest and shipped alumina to other Martin Marietta entities. Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 111 and, therefore, denies those allegations.

**Count 6(a) – Bauxite as Chattel**

112. Martin Marietta Aluminum, Inc. and Martin Marietta Alumina, Inc. owned and operated the St. Croix alumina plant from 1972 until 1984. Martin Marietta Aluminum, Inc. handled the maintenance side of the plant and employed one-half of its employees. Martin Marietta Alumina, Inc. handled the operations side of the plant and employed one-half of its employees. Lockheed Martin admits that bauxite was supplied to the alumina plant by multiple entities, including Martin Marietta Aluminum, Inc. Lockheed Martin further admits that the St.

Croix alumina plant was used to refine alumina from bauxite ore. Lockheed Martin denies the remaining allegations of Paragraph 112.

113. Lockheed Martin is aware and informed that the Martin Marietta entities were aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time. Lockheed Martin is aware and informed that the Martin Marietta entities prioritized safety at the alumina plant. The remaining allegations of Paragraph 113 assert legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 113.

114. Paragraph 114 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 114.

## Count 6(b) – Refinery Appurtenances as Chattel

115. Martin Marietta Aluminum, Inc. and Martin Marietta Alumina, Inc. owned and operated the St. Croix alumina plant from 1972 until 1984. Martin Marietta Aluminum, Inc. handled the maintenance side of the plant and employed one-half of the plant's employees. Martin Marietta Alumina, Inc. handled the operations side of the plant and employed one-half of the plant's employees. Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore. Lockheed Martin denies the remaining allegations of Paragraph 115.

116. Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore. Lockheed Martin is aware and informed that the Martin Marietta entities were aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time. Lockheed Martin is aware and informed that the Martin Marietta entities prioritized safety at the alumina plant. Lockheed Martin denies the remaining allegations of Paragraph 116.

117. Paragraph 117 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 117.

118.     Paragraph 118 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 118.

### Count 6(c) – Heavy Equipment as Chattel

119.     Martin Marietta Aluminum, Inc. and Martin Marietta Alumina, Inc. owned and operated the St. Croix alumina plant from 1972 until 1984.  Martin Marietta Aluminum, Inc. handled the maintenance side of the plant and employed one-half of the plant's employees.  Martin Marietta Alumina, Inc. handled the operations side of the plant and employed one-half of the plant's employees.  Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore.  Lockheed Martin denies the remaining allegations of Paragraph 119.

120.     Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore.  Lockheed Martin is aware and informed that the Martin Marietta entities were aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  Lockheed Martin is aware and informed that the Martin Marietta entities prioritized safety at the alumina plant.  Lockheed Martin denies the remaining allegations of Paragraph 120.

121.     Paragraph 121 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 121.

122.     Paragraph 122 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 122.

## CAUSES OF ACTION AGAINST LOCKHEED MARTIN, AS SUCCESSOR-IN-INTEREST TO MARTIN MARIETTA ALUMINA, INC.

### Count 7 – Premises Liability

123.     Lockheed Martin restates and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.

124.     Paragraph 124 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 124.

125.    Paragraph 125 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin admits that in 1969, Martin Marietta Corporation acquired a majority interest in Harvey Aluminum, Inc., which owned and operated the St. Croix alumina plant and premises.  In 1972, Harvey Aluminum's name was changed to Martin Marietta Aluminum, Inc.  Martin Marietta Aluminum, Inc. sold the St. Croix alumina plant to Martin Marietta Aluminum Properties, Inc. on January 6, 1985.  On January 8, 1985, Martin Marietta Aluminum, Inc. was sold to Comalco (U.S.) Holding Inc.; however, the contract with Comalco specifically excluded the St. Croix alumina plant.  Martin Marietta Aluminum Properties, Inc. closed the St. Croix alumina plant in May 1985.

126.    Lockheed Martin is aware and informed that Martin Marietta Alumina, Inc. was aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  Lockheed Martin denies the remaining allegations of Paragraph 126.

127.    Paragraph 127 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 127.

128.    Paragraph 128 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 128.

129.    Paragraph 129 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 129.

130.    Paragraph 130 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 130.

131.    Lockheed Martin denies the allegations of Paragraph 131.

132.    Lockheed Martin admits that the Martin Marietta entities provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  The remaining allegations of Paragraph 132 assert legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 132.

133. Paragraph 133 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 133.

134. Paragraph 134 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 134.

## CAUSES OF ACTION AGAINST GLENCORE LTD.

### Count 8 – Chattel Known to be Dangerous for Intended Use

135. Lockheed Martin restates and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein. The allegations of Paragraph 135 do not apply to Lockheed Martin, and, therefore, no response is required. To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 135 and, therefore, denies those allegations.

136. The allegations of Paragraph 136 do not apply to Lockheed Martin and, therefore, no response is required. To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 136 and, therefore, denies those allegations.

137. The allegations of Paragraph 137 do not apply to Lockheed Martin and, therefore, no response is required. To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 137 and, therefore, denies those allegations.

138. The allegations of Paragraph 138 do not apply to Lockheed Martin and, therefore, no response is required. To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 138 and, therefore, denies those allegations.

139. The allegations of Paragraph 139 do not apply to Lockheed Martin and, therefore, no response is required. To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 139 and, therefore, denies those allegations.

## Count 9 – Chattel Unlikely to be Made Safe for Use

140.     Lockheed Martin restates and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.  The allegations of Paragraph 140 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 140 and, therefore, denies those allegations.

141.     The allegations of Paragraph 141 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 141 and, therefore, denies those allegations.

142.     The allegations of Paragraph 142 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 142 and, therefore, denies those allegations.

143.     The allegations of Paragraph 143 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 143 and, therefore, denies those allegations.

144.     The allegations of Paragraph 144 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 144 and, therefore, denies those allegations.

## Count 10 – Chattel for Use by Person Known to be Incompetent

145.     Lockheed Martin restates and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.  The allegations of Paragraph 145 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is

required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 145 and, therefore, denies those allegations.

146.    The allegations of Paragraph 146 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 146 and, therefore, denies those allegations.

147.    The allegations of Paragraph 147 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 147 and, therefore, denies those allegations.

148.    The allegations of Paragraph 148 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 148 and, therefore, denies those allegations.

## Count 11 – Chattel Used to Supplier's Business Purpose

149.    Lockheed Martin restates and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.  The allegations of Paragraph 149 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 149 and, therefore, denies those allegations.

150.    The allegations of Paragraph 150 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 150 and, therefore, denies those allegations.

151.    The allegations of Paragraph 151 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge

or information sufficient to form a belief as to the truth of the allegations of Paragraph 151 and, therefore, denies those allegations.

152.     The allegations of Paragraph 152 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 152 and, therefore, denies those allegations.

153.     The allegations of Paragraph 153 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 153 and, therefore, denies those allegations.

## Count 12 – Negligent Undertaking

154.     Lockheed Martin restates and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.  The allegations of Paragraph 154 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 154 and, therefore, denies those allegations.

155.     The allegations of Paragraph 155 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 155 and, therefore, denies those allegations.

156.     The allegations of Paragraph 156 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 156 and, therefore, denies those allegations.

157.     The allegations of Paragraph 157 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge

or information sufficient to form a belief as to the truth of the allegations of Paragraph 157 and, therefore, denies those allegations.

158.    The allegations of Paragraph 158 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 158 and, therefore, denies those allegations.

## CAUSES OF ACTION AGAINST COSMOGONY II, INC. AS SUCCESSOR-IN-INTEREST TO GENERAL ENGINEERING CORP.

### Count 13 – Negligence

159.    Lockheed Martin restates and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.  The allegations of Paragraph 159 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 159 and, therefore, denies those allegations.

160.    The allegations of Paragraph 160 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 160 and, therefore, denies those allegations.

161.    The allegations of Paragraph 161 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 161 and, therefore, denies those allegations.

162.    The allegations of Paragraph 162 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 162 and, therefore, denies those allegations.

163. The allegations of Paragraph 163 do not apply to Lockheed Martin and, therefore, no response is required. To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 163 and, therefore, denies those allegations.

164. The allegations of Paragraph 164 do not apply to Lockheed Martin and, therefore, no response is required. To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 164 and, therefore, denies those allegations.

165. The allegations of Paragraph 165 do not apply to Lockheed Martin and, therefore, no response is required. To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 165 and, therefore, denies those allegations.

166. The allegations of Paragraph 166 do not apply to Lockheed Martin and, therefore, no response is required. To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 166 and, therefore, denies those allegations.

**NOTICE OF PUNITIVE DAMAGES**

167. Lockheed Martin admits that Plaintiff purports to seek various forms of relief in this lawsuit based on various allegations but denies that Plaintiff is entitled to the relief sought in Paragraph 167 or any other relief.

168. Lockheed Martin denies the allegations of Paragraph 168 to the extent the allegations are directed against Lockheed Martin. To the extent that the allegations of Paragraph 168 refer to the knowledge, conduct, or actions of persons or entities other than Lockheed Martin, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

169. Lockheed Martin denies the allegations of Paragraph 169 to the extent the allegations are directed against Lockheed Martin. To the extent that the allegations of Paragraph

169 refer to the knowledge, conduct, or actions of persons or entities other than Lockheed Martin, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Lockheed Martin admits that Plaintiff purports to seek various forms of relief in this lawsuit based on various allegations but denies that Plaintiff is entitled to the relief sought in Paragraph 169 or any other relief.

### JURY TRIAL DEMANDED

170.    Lockheed Martin admits that Plaintiff purports to seek various forms of relief in this lawsuit based on various allegations but denies that Plaintiff is entitled to the relief sought in Paragraph 170 or any other relief.

### REQUEST FOR RELIEF

Lockheed Martin admits that Plaintiff purports to seek various forms of relief in this lawsuit based on various allegations but denies that Plaintiff is entitled to the relief sought in the unnumbered WHEREFORE Paragraph following Paragraph 170 or any other relief. Lockheed Martin denies the remaining allegations in the unnumbered WHEREFORE Paragraph following Paragraph 170 of the Complaint.

### GENERAL DENIAL

To the extent Lockheed Martin has not specifically admitted any allegation in Plaintiff's Complaint, that allegation is denied.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against Lockheed Martin upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Workers' Compensation laws of the Virgin Islands.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## FOURTH DEFENSE

Plaintiff's claims against Lockheed Martin are barred, in whole or in part, because Plaintiff has failed to join all parties who are necessary and/or indispensable to a just adjudication of this action.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of assumption of the risk.

## SIXTH DEFENSE

While denying all averments of negligence, fault, or liability, Lockheed Martin states that Plaintiff's claims are barred, in whole or in part, because the conditions alleged to have caused Plaintiff's injuries were both open and obvious.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to exercise reasonable care and diligence to mitigate his alleged injuries and/or damages.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's conduct or the conduct of others changed, altered, or modified the condition of the product at issue.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff or others misused the product at issue.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff used the product at issue in a manner or in an activity contrary to express adequate instructions or warnings

appearing on or attached to the products or on the products' original containers or wrappers, including material safety data sheets.

## ELEVENTH DEFENSE

Plaintiff's claims based on any failure to warn and/or inadequacy of warning are barred, in whole or in part, because at all times pertinent to Plaintiff's claims, Plaintiff possessed or should have possessed good and adequate knowledge which negated the need for any such warning and/or Plaintiff was required to follow specific written safety procedures established by Plaintiff's employers which negated the need or requirement for any such warning.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any products manufactured, sold, or supplied by Lockheed Martin and used by Plaintiff were at all times reasonably fit and suitable for the purposes for which the products were made and sold.

## THIRTEENTH DEFENSE

While denying all averments of negligence, fault, or liability, Lockheed Martin states that any injuries and damages allegedly sustained by Plaintiff were caused, in whole or in part, by Plaintiff's or by other persons' contributory or comparative negligence, fault, responsibility, or causation, and want of due care. Such negligence or fault of Plaintiff and/or of such others persons were greater in proportion to the negligence or fault of the Defendants, if any. The contributory or comparative fault of Plaintiff and other persons outside the control of Lockheed Martin is a complete bar to any recovery against Lockheed Martin. Alternatively, Lockheed Martin is entitled to a deduction of damages based upon the percentage of Plaintiff's and/or other persons' negligence or fault.

## FOURTEENTH DEFENSE

While denying all averments of negligence, fault, or liability, Lockheed Martin states that Plaintiff's alleged injuries or damages resulted solely from the acts or omissions of persons or entities for which Lockheed Martin is neither liable nor responsible. Such acts or omissions on

the part of others constitute an independent and intervening proximate cause of such injuries or damages.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Lockheed Martin's products, including their design, manufacture, packaging, warnings, and instructions, were at all times consistent with industry customs, applicable government safety standards, and available technological, scientific, medical, and industrial state of the art when they left Lockheed Martin's control.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff was entitled to receive benefits from private or public health insurance programs, health benefit plans, union-sponsored or union-provided health benefit plans, or other sources of health benefits which are responsible for the payment of all past, present, and/or future medical expenses.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of payment, release, and accord and satisfaction.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

## NINETEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because they violate the Excessive Fines Clause and Due Process Clause in the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

## TWENTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's Complaint fails to state facts sufficient to entitle Plaintiff to an award of punitive damages against Lockheed Martin.

## TWENTY-FIRST DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages would violate Lockheed Martin's procedural and substantive due process rights and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the common law and public policies of the United States and the Virgin Islands. Moreover, the foregoing considerations, and considerations of due process, comity, and state sovereignty, bar any attempts to punish Lockheed Martin, except to the extent the alleged conduct had a direct impact in this Territory and a direct nexus to the specific harm suffered by this Plaintiff.

### TWENTY-SECOND DEFENSE

Plaintiff's claim for punitive damages is barred, in whole or in part, because an award of punitive damages would violate Lockheed Martin's procedural and substantive due process rights and equal protection rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. In particular, any law purporting to permit the recovery of punitive damages in this case is unconstitutional, both on its face and as applied in this case, because said law, among other things, (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and in determining the amount of any punitive award; (2) may unconstitutionally permit jury consideration of the Defendants' net worth; (3) is void for vagueness in that it failed to afford constitutionally sufficient advance notice as to what conduct will result in punitive sanctions; (4) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of a punitive award; (5) lacks constitutionally sufficient standards for appellate review of a punitive award; (6) may impose punitive damages simply for lawfully selling a legal product; and (7) otherwise fails to satisfy the constitutional requirements set forth in, among others, *Pacific Mutual Life Insurance Company v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993), and *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589 (1996).

### TWENTY-THIRD DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages jointly and severally against some or all of the Defendants without apportionment among them based on the enormity of their misconduct would violate Lockheed Martin's rights to equal protection and due process under the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the common law and public policies of the United States and the Virgin Islands.

### TWENTY-FOURTH DEFENSE

Plaintiff's claim for punitive damages is barred by due process under the United States Constitution to the extent Plaintiff seeks to impose punishment for harm allegedly caused to non-parties.

### TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Lockheed Martin cannot be held liable to Plaintiff on the basis of joint and several liability for the fault or illegal conduct attributable to any other defendant.

### TWENTY-SIXTH DEFENSE

This Court lacks jurisdiction over the person and/or property of Lockheed Martin. Accordingly, this action should be dismissed as to Lockheed Martin.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims against Lockheed Martin are speculative and do not warrant recovery.

### TWENTY-EIGHTH DEFENSE

Any product manufactured, sold, or supplied by Lockheed Martin was not defective or unreasonably dangerous in that it complied, at all relevant times, with all applicable government safety standards.

### TWENTY-NINTH DEFENSE

If Plaintiff sustained any injury or damage, which is denied, then such injury or damage was proximately caused or contributed to by exposure to and inhalation of noxious and deleterious fumes and residues from industrial products and by-products prevalent on Plaintiff's job sites,

other than those manufactured or sold by Lockheed Martin, and by cumulative exposure to all types of environmental and industrial pollutants of air and water.

## THIRTIETH DEFENSE

To the extent that Plaintiff has filed an action in any other Court against some or all of these same Defendants, this action should be dismissed in the interest of judicial economy and so as to prevent double recovery.

## THIRTY-FIRST DEFENSE

Plaintiff's claims are preempted by the regulations of the Occupational Safety and Health Administration and other applicable federal laws.

## THIRTY-SECOND DEFENSE

To the extent that Plaintiff was exposed to any product which was acquired from, sold by, or used on behalf of the United States of America or any state or political subdivision thereof, Lockheed Martin is entitled to any sovereign or governmental immunity available to the United States or any such state or political subdivision.

## THIRTY-THIRD DEFENSE

No duty to warn or notify Plaintiff of any danger from exposure to Lockheed Martin's products has ever arisen; nevertheless, any delay by Lockheed Martin in notifying or warning Plaintiff of such danger which allegedly was required (and Lockheed Martin denies that there was any such requirement or delay) is of no consequence and gives rise to no claim on the part of Plaintiff against Lockheed Martin. Before the time any alleged duty to notify or warn could have arisen as to Lockheed Martin, Plaintiff was exposed to substances from other sources sufficient to cause Plaintiff's alleged condition, and notification or warning thereafter is of no value. There is, therefore, no causal relationship between any delay in notification or warning Plaintiff and his subsequent alleged condition.

## THIRTY-FOURTH DEFENSE

The injuries, if any, for which Plaintiff seeks recovery resulted from Plaintiff's pre-existing illnesses or conditions not common to other persons and not determinable or foreseeable by

Lockheed Martin. All injuries and damages alleged by Plaintiff, if any, were proximately contributed to by Plaintiff's pre-existing injuries and conditions.

## THIRTY-FIFTH DEFENSE

The Complaint should be dismissed based on misjoinder of parties and/or claims.

## THIRTY-SIXTH DEFENSE

Lockheed Martin reserves the right to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and reserves the right to amend its Answer to assert those defenses.

## THIRTY-SEVENTH DEFENSE

Lockheed Martin hereby adopts the affirmative defenses raised by any other Defendant in this litigation to the extent that said defenses are not inconsistent with Lockheed Martin's assertion that it is not liable to Plaintiff for any amount whatsoever.

## THIRTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the sophisticated user defense because Plaintiff possessed or should have possessed knowledge negating the need for any warning and/or Plaintiff was required to follow specific written safety procedures established by Plaintiff's employers that negated the need or requirement for any such warning.

## THIRTY-NINTH DEFENSE

While denying all averments of negligence, fault, or liability, Lockheed Martin states that Plaintiff's claims are barred, in whole or in part, because Plaintiff knew or should have known about any risks associated with the chattel allegedly at issue.

## FORTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff used the chattel at issue despite his incompetence to do so or carelessly used the chattel at issue. The contributory or comparative fault of Plaintiff and other persons outside the control of Lockheed Martin is a complete bar to any recovery against Lockheed Martin. Alternatively, Lockheed Martin is entitled

to a deduction of damages based upon the percentage of Plaintiff's and/or other persons' negligence or fault.

## FORTY-FIRST DEFENSE

If Plaintiff sustained any injuries or illness as a result of exposure to any silica contained in bauxite sold or supplied by Martin Marietta Aluminum, Inc., such injuries were proximately caused by the acts or omissions of Plaintiff's employers or of the owner and operators of the alumina plant, all of whom were sophisticated purchasers and knowledgeable intermediaries, in failing to take adequate precautions, failing to provide Plaintiff with a safe work place, and failing to warn Plaintiff of any health hazards that may have been associated with exposure to silica dust.

## DEMAND FOR JURY TRIAL

Lockheed Martin demands a trial by jury on all issues so triable.

## CROSSCLAIM AGAINST DEFENDANT GLENCORE LTD.

COMES NOW Defendant Lockheed Martin Corporation ("Lockheed Martin"), pursuant to Fed. R. Civ. P. 13(g) and *World Fresh Mkts., LLC v. Palermo,* 2021 V.I. 1 (2021), and as and for its crossclaim against Defendant Glencore Ltd. alleges as follows:

1.      Plaintiff filed a Complaint in this Action against Lockheed Martin and Glencore Ltd. alleging injury and seeking damages.

2.      Lockheed Martin denies any liability to Plaintiff.

3.      Pursuant to Virgin Islands Code title 5, section 1451(d), Lockheed Martin is entitled to have the liability (if any) of Defendant Glencore Ltd. apportioned at the trial of this Action.

4.      If the court or jury finds in favor of Plaintiff at trial, to the extent Lockheed Martin pays Plaintiff any portion of the damages attributable to the liability of Defendant Glencore Ltd., Lockheed Martin is entitled to recover common law contribution against Defendant Glencore Ltd. for its respective portion of the damages paid to Plaintiff by Lockheed Martin.

WHEREFORE, Defendant Lockheed Martin demands judgment against Defendant Glencore Ltd. for common law contribution for any and all sums that may be paid as damages to Plaintiff on account of the liability of Defendant Glencore Ltd., together with any pre- and post-judgment interest, costs, attorneys' fees, and any other relief this Court deems appropriate.

## ANSWER TO CROSSCLAIM OF DEFENDANT GLENCORE LTD.

Defendant Lockheed Martin Corporation ("Lockheed Martin") responds as follows to the Crossclaim of Defendant Glencore Ltd. contained in its Answer, Affirmative Defenses, and Crossclaim filed on November 7, 2022:

1.     Lockheed Martin admits the allegation of Paragraph 1.

2.     Lockheed Martin admits the allegation of Paragraph 2.

3.     Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and, therefore, denies those allegations.

4.     Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and, therefore, denies those allegations.

WHEREFORE, Defendant Lockheed Martin further demands judgment as follows: Defendant Glencore Ltd. take nothing by reason of the Crossclaim filed herein; that if Defendants are found liable, the degree of responsibility and liability of all parties for the resulting damages be determined, and that Defendants be liable only for that portion of total damages which each's liability bears to the total liability of all Defendants, reduced by any contributory negligence of plaintiff; and that any pre- and post-judgment interest, costs, attorneys' fees, and any other relief this Court deems appropriate.

November 14, 2022

Respectfully submitted,

*/s/ Kevin A. Rames, Esq.*
Kevin A. Rames, Esq.
Law Offices of K.A. Rames, P.C.
Suite 3, 2111 Company Street
Christiansted, St. Croix 00820
U.S. Virgin Islands
(340) 773-7284 Telephone
(340) 773-7282 Fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of November, 2022 I caused a true and correct copy of the foregoing Lockheed Martin's **Answer to Plaintiff's Complaint, Crossclaim, and Answer to Crossclaim** to be served on the following counsel of record via electronic mail and U.S. Mail where noted:

Korey A. Nelson, Esq.
H. Rick Yelton, Esq.
BURNS CHAREST LLP
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765
knelson@burnscharest.com
ryelton@burnscharest.com

Warren T. Burns, Esq.
Daniel H. Charest, Esq.
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002
wburns@burnscharest.com
dcharest@burnscharest.com

J. Russell B. Pate, Esq.
THE PATE LAW FIRM
P.O. Box 370, Christiansted
Saint Croix, USVI 00821
Telephone: (340) 777-7283
Facsimile: (888) 889-1132
Pate@SunLawVI.com
SunLawVI@gmail.com

*Counsel for the Plaintiffs*

*/s/ Kevin A. Rames, Esq.*
*Kevin A. Rames, Esq.*